[Civ. No. 13546.   First Dist., Div. Two.   Jan. 29, 1948.]

MYRON  WILLOUGHBY, Appellant, v. SOUTHERN
PACIFIC COMPANY, Respondent.

Dannenbrink & Graves and H. A. Dannenbrink for Appellant.

Johnson, Ricksen & Johnson for Respondent.

DOOLING, J.—Plaintiff brought this action to recover damages suffered in the flooding of his place of residence in 1945

by the diversion of surface waters from the defendant's right of way onto the plaintiff's land. It is undisputed in the evidence that the water flooded under the plaintiff's home and stood there for a matter of some weeks damaging the furnace. It is likewise without dispute that the walls and floors of the home were damaged by moisture from the water standing underneath. Not only did the plaintiff and others of plaintiff's witnesses so testify but the only witness called by the defendant corroborated the fact of damage to walls and ceiling. The evidence further shows that plaintiff and his wife lived away from their home for 18 days because of the unlivable condition created by the flooding, and were inconvenienced after their return by dampness and lack of heat which, among other things, compelled them to sleep in the living room instead of their bedroom. The trial court gave judgment for plaintiff for $75 expended by him to repair the furnace and found that plaintiff suffered no other damage.

Plaintiff prayed for $900 general damages. Under the evidence it was error for the trial court not to allow some damages for the loss of use of the home for 18 days and the annoyance and discomfort in living there after the plaintiff's return. (*Le Brun* v. *Richards,* 210 Cal. 308, 320 [291 P. 825, 72 A.L.R. 336].)

The complaint alleged damage to the real property which it would reasonably cost $1,950 to repair. The plaintiff made no effort to prove the cost of repairing the damage but instead produced a real estate broker who testified as an expert that the real property before it was damaged had a market value of from $7,000 to $7,500 and that after the damage its market value was $6,000. Decrease in market value is at least one of the recognized measures of damages in cases such as this. (*Natural Soda Prod. Co.* v. *City of Los Angeles,* 23 Cal.2d 193, 200 [143 P.2d 12] ; *Le Brun* v. *Richards, supra,* 210 Cal. 308, 319.) Since no objection was made to the introduction of the evidence of difference in value on the ground of variance this evidence of damage was properly before the court (21 Cal.Jur. 276-7) and the court erred in the face of the uncontradicted evidence of substantial physical damage to the property in making no award for that item.

The judgment is reversed with directions to retry only the question of the amount of plaintiff's damages.

Nourse, P. J., and Goodell, J., concurred.